DECISION AND JUDGMENT ENTRY
This is an appeal from the decision of the Washington County Court of Common Pleas in which Defendant-Appellant Terry W. Wallace pled guilty to gross sexual imposition, a third-degree felony in violation of R.C.2907.05(A)(4). The trial court sentenced appellant to the maximum term, five-years imprisonment, and classified him as a sexual predator pursuant to R.C. 2950.09.
Appellant makes three arguments. First, he argues that the trial court erred in imposing the maximum sentence for gross sexual imposition. Second, he asserts that the lower court's adjudication classifying appellant as a sexual predator was against the manifest weight of the evidence. Third, he argues that the sexual-predator statute, R.C. 2950.09, is unconstitutional.
We find appellant's arguments to be without merit and affirm the judgment of the trial court.
 I. STATEMENT OF THE CASE AND FACTS
In June 2000, Defendant-Appellant Terry W. Wallace pled guilty in the Washington County Court of Common Pleas to one count of gross sexual imposition, a third-degree felony in violation of R.C. 2907.05(A)(4). Appellant, a fifty-two-year-old man, admitted that he had repeatedly sexually molested his eleven-year-old step-daughter. Consequently, the trial court found appellant guilty of gross sexual imposition.
On September 1, 2000, the lower court held two hearings: a sexual-predator-classification hearing pursuant to R.C. 2950.09; and a sentencing hearing pursuant to R.C. 2929.19. At these hearings, both parties were permitted to submit evidence and present argument.
After evaluating the proffered evidence, and considering the relevant statutory provisions, the trial court classified appellant as a sexual predator and imposed the maximum sentence: five-years incarceration, with credit for time served.
 II. ASSIGNMENTS OF ERROR
Appellant has timely filed this appeal, assigning the following errors for our review.
 I. THE TRIAL COURT ERRED IN SENTENCING APPELLANT TO THE MAXIMUM SENTENCE OF IMPRISONMENT.
 II. THE FINDING BY THE TRIAL COURT THAT APPELLANT IS A SEXUAL PREDATOR IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 III. OHIO R.C. SECTION 2950.09 VIOLATES THE SEPARATION OF POWERS DOCTRINE OF THE [sic] AND PROCEDURAL DUE PROCESS UNDER THE OHIO AND UNITED STATES CONSTITUTIONS.
We will address appellant's assignments of error in turn.
 A. The Trial Court Properly Imposed The Maximum Sentence.
The Ohio General Assembly, by way of R.C. Chapter 2929, has "significantly limit[ed] and channel[ed] the [sentencing court's] exercise of discretion." Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.) 495, Section 9.16; State v. Richards (Feb. 23, 2000), Hocking App. No. 99CA13, unreported; see R.C. 2929.12(A); State v. Persons (Apr. 26, 1999), Washington App. No. 98CA19, unreported; State v. McConnaughey
(Mar. 4, 1998), Athens App. No. 97CA39, unreported. Conformably, appellate review of a sentencing court's discretion is whether it failed to properly consider the "purposes, array of principles, factors, and presumptions," detailed throughout R.C. Chapter 2929. State v. Carter
(July 16, 1999), Lawrence App. No. 98CA43, unreported; Richards, supra; accord Persons, supra (explaining that appellate review of a sentencing court's decision is not pursuant to the traditional notion of "abuse of discretion").
Accordingly, to determine whether a sentencing court properly exercised its discretion, an appellate court must examine the record to ascertain whether the trial court: "(1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines." State v. Dunwoody (Aug. 5, 1998), Meigs App. No. 97CA11, unreported; accord Richards, supra.
In the instant case, appellant argues that two of these requirements were not met: (1) the trial court failed to make required findings; and (2) there is not adequate evidence in the record to support such findings.
 1.The Trial Court Made Appropriate Preliminary Findings Before Imposing The Prison Sentence.
Appellant argues that the trial court did not comply with R.C.2929.19(B)(2)(d), which requires it to set forth its "reasons for imposing the maximum prison term." R.C. 2929.19(B)(2)(d); see State v.Edmonson (1999), 86 Ohio St.3d 324, 715 N.E.2d 131. We find appellant's arguments to be utterly without merit.
R.C. 2929.14(C) explains that "the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense * * * only upon offenders who committed the worst forms ofthe offense, upon offenders who pose the greatest likelihood ofcommitting future crimes, upon certain major drug offenders * * * and upon certain repeat violent offenders * * *." (Emphasis added.) R.C.2929.14(C).
Here, after expressly considering the sentencing principles of R.C.2929.11, the seriousness and recidivism factors set forth in R.C. 2929.12, and the evidence presented by the parties, the trial court found that "the shortest prison term possible would demean the seriousness of this offense and would not adequately protect the public, and, therefore, imposes a greater term. This defendant, pursuant to [R.C. 2929.14(C),] has committed the worst form of this offense, and the [trial court] imposes the maximum term."
We note that it is of no consequence that these findings were not specifically stated in the sentencing entry, as long as they were clearly articulated — as they were here — in the sentencing hearing. See State v. Borders (Aug. 7, 2000), Scioto App. No. 00CA2696, unreported ("[W]e may * * * consider the court's oral pronouncements in determining whether the trial court complied with R.C. 2929.19(B)(2) (d)"); accordState v. Edmonson, 86 Ohio St.3d at 324, 715 N.E.2d at 131; State v.Scheffler (June 22, 2000), Licking App. No. 99CA73, unreported.
Therefore, we find that the trial court adequately considered the pertinent statutory criteria in imposing the sentence and did not fail to make preliminary findings. See State v. Ramirez (1994), 98 Ohio App.3d 388,648 N.E.2d 845 (holding that, absent a contrary showing in the record, it should be presumed that the lower court considered the necessary criteria).
 2.The Trial Court's Findings Were Supported By The Record.
To determine whether the findings were supported by the record, we must ascertain whether "substantial evidence" exists in the record "to support the trial court's conclusions and the sentence it imposed." Dunwoody,supra.
At the sentencing hearing, the trial court considered the following evidence. First, the lower court read aloud the presentence-investigation report. In so doing, the trial court emphasized that appellant had admitted to sexually violating his step-daughter multiple times, and that he had acknowledged that he was sexually aroused by these incidents.
Second, the lower court read aloud a written victim-impact statement prepared by the biological mother of appellant's step-daughter. She recounted the myriad ill effects appellant's crimes had upon her daughter, including the emotional trauma which resulted from interviews and examinations with health-care professionals. She also claimed that the incidents forced her and her daughter to move to another state, which caused additional anxiety for her daughter.
Third, the trial court considered a letter written by a child therapist who had been counseling appellant's step-daughter. The therapist essentially reiterated the emotional trauma recounted by the victim's mother.
We find that this evidence substantially supports the trial court's finding that appellant had committed the worst form of the offense. See, generally, State v. Garrard (1997), 124 Ohio App.3d 718, 707 N.E.2d 546
("[I]n determining whether the offender committed the worst form of the offense, the court will consider the totality of the circumstances"); accord State v. Coleman (Mar. 27, 2001), Meigs App. No. 00CA010, unreported.
Appellant's First Assignment of Error is OVERRULED.
 B.The Trial Court's Finding That Appellant Was A Sexual Predator Was Not Against The Manifest Weight Of The Evidence.
We have previously stated that a civil "manifest weight of the evidence" standard is to be applied when reviewing a sexual-offender classification. See, e.g., State v. Hinkle (May 19, 2000), Perry App. No. 99CA19, unreported; State v. Hart (Mar. 24, 2000), Hamilton App. No. C-990541, unreported; State v. Daugherty (Nov. 12, 1999), Washington App. No. 99CA9, unreported; State v. Mollohan (Aug. 19, 1999), Washington App. No. 98CA13, unreported; see, generally, State v. Cook (1992),65 Ohio St.3d 516, 605 N.E.2d 70.
Accordingly, "a judgment will not be reversed as being against the manifest weight of the evidence so long as it is supported by some
competent and credible evidence." (Emphasis added.) State v. Morris (July 18, 2000), Washington App. No. 99CA47; see Gerijo, Inc. v. Fairfield
(1994), 70 Ohio St.3d 223, 638 N.E.2d 533; Vogel v. Wells (1991),57 Ohio St.3d 91, 566 N.E.2d 154; C.E. Morris Co. v. Foley ConstructionCo. (1978), 54 Ohio St.2d 279, 376 N.E.2d 578, syllabus.
We emphasize that this standard is highly deferential and all that is required to sustain the judgment is some evidence. See Morris, supra; accord Barkley v. Barkley (1997), 119 Ohio App.3d 155, 694 N.E.2d 989. With the foregoing in mind, we turn to the trial court's adjudication classifying appellant as a sexual predator.
Our analysis begins with R.C. 2950.01(E), which defines a "sexual predator," inter alia, as one "who has been convicted of * * * a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E). To determine whether the classification is warranted, a trial court may hold a hearing. See R.C.2950.09(C).
In a sexual-predator-classification hearing, the offender and the prosecutor are afforded the opportunity to present evidence relevant to whether the offender should be classified as a sexual predator. See R.C.2950.09(B)(1); Morris, supra.
In making this determination, the trial court is required to consider the factors set out in R.C. 2950.09(B)(2).
 (a) The offender's age; (b) The offender's prior criminal record * * *; (c) The age of the victim * * * (d) Whether the sexually oriented offense * * * involved multiple victims; (e) Whether the offender used drugs or alcohol to impair the victim * * *; (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense * * *; (g) Any mental illness or mental disability of the offender; (h) The nature of the offender's sexual conduct * * * with the victim of the sexually oriented offense and whether the sexual conduct * * * was part of a demonstrated pattern of abuse; (i) Whether the offender * * * displayed cruelty * * *; (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(B)(2).
In the instant case, the trial court considered the following evidence presented at the sexual-predator-classification hearing in light of these statutory factors.
First, an agreed stipulation, entered by the parties, that a detective who interviewed appellant would testify that appellant had confessed to four separate instances of molesting his step-daughter.
Second, the presentence-investigation report, which detailed appellant's transgressions.
Third, the lower court considered a sex-offender psychological evaluation and recidivism-risk assessment prepared by a psychologist. The psychologist determined that two recidivism-risk factors applied to appellant: "his victim was younger than [eleven] years old," and "he [had] committed multiple offenses against her."
We find the foregoing to be sufficient competent and credible evidence to support the trial court's decision to classify appellant as a sexual predator. See Barkley v. Barkley, 119 Ohio App.3d at 155,694 N.E.2d at 989; see, generally, State v. White (Feb. 9, 2000), Summit App. No. 19387, unreported (explaining that the State is not required to demonstrate every factor in R.C. 2950.09(B)(2) before an offender can be classified as a sexual predator); accord Morris, supra ("A court may so classify an offender even if only one or two factors are present so long as the totality of the relevant circumstances show, by clear and convincing evidence, that the offender is likely to commit a sexually oriented offense in the future.").
Appellant's Second Assignment of Error is OVERRULED.
 C.Appellant Did Not Preserve For Purposes Of Appeal Either A Separation-Of-Powers Or Procedural-Due-Process Argument.
We summarily reject the constitutional arguments made in appellant's Third Assignment of Error because they were not asserted in the proceedings below. "It is axiomatic that a failure to raise at the trial court level the issue of the constitutionality of a statute generally amounts to a waiver of such issue and therefore it need not be heard for the first time on appeal." Morris, supra; accord State v. Green (1993),66 Ohio St.3d 141, 609 N.E.2d 1253; State v. Cook, 65 Ohio St.3d at 516,605 N.E.2d at 70; State v. Smith (1991), 61 Ohio St.3d 284, 574 N.E.2d 510;State v. Awan (1986), 22 Ohio St.3d 120, 489 N.E.2d 277, at the syllabus.
Moreover, the Supreme Court of Ohio, in State v. Thompson (2001),92 Ohio St.3d 584, 752 N.E.2d 276, has definitively resolved this issue. "R.C. 2950.09(B)(2) does not encroach upon the trial court in its fact-finding authority, it does not violate the separation-of-powers doctrine." Id. at 584, 752 N.E.2d 276.
Appellant's Third Assignment of Error is OVERRULED.
 IV. CONCLUSION
For the foregoing reasons, we OVERRULE appellant's assignments of error and AFFIRM the well-reasoned judgment of the Washington County Court of Common Pleas.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that appellee recover of appellant costs herein taxed.
This Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the WASHINGTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEENPREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, IT IS TEMPORARILYCONTINUED FOR A PERIOD NOT TO EXCEED SIXTY DAYS UPON THE BAIL PREVIOUSLYPOSTED. The purpose of the continued stay is to allow appellant to file with the Supreme Court of Ohio an application for stay during the pendency of proceedings in that court.
If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty-day period, or the failure of appellant to file a notice of appeal with the Supreme Court of Ohio within the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of the sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.